LEAVENGOOD, C. RICHARD, Associate Judge.
The appellant-relator below, Walt P. Davies, was dismissed from his job as counselor of the Hillsborough County Juvenile and Domestic Relations Court on February 2, 1965, by the appellee. Appellant filed an appeal with the Civil Service Board of Hillsborough County. Prior to said hearing before that Board, appellant was charged with the crime of contributing to the delinquency of a minor. Both sides agree that the criminal charge involved precisely the same facts as those involved •in appellant’s dismissal.
The trial on the criminal charge was originally set for April 16, 1965. Appellant was advised by the Civil Service Board on March 18, 1965, that his hearing before the board would be postponed until after the criminal trial. On April 5, 1965 appellant was notified by the Civil Service Board that his hearing before that board was set for April 22, 1965, eight days after the scheduled criminal trial.
I-Iowever, on April 16, 1965 the criminal trial was postponed, ultimately to July 13, 1965. On April 16 and April 20, 1965, appellant notified the Civil Service Board of the postponement and requested a further postponement of the hearing before that board. On April 23, 1965, appellant was advised by letter that his requested postponement was denied; that the hearing had been held in his absence; and that his dismissal had been affirmed.
Appellant was acquitted of the criminal charge after trial.
The Civil Service Board ceased to exist on June 24, 1965, the effective date of repeal of the Civil Service Acts in effect up to that date. A completely new Civil Service Act became effective on June 25, 1965, Laws 1965, c. 65-697, with a new board taking office on August 27, 1965. The termination of the Civil Service Board on June 24, 1965, was 63 days after the April 22, 1965 hearing affirming appellant’s dismissal.
Walt P. Davies did not appear or attend the Civil Service hearing on April 22, 1965, to defend or ask personally for a postponement until after his criminal trial. He did not appeal the decision of the Civil Service Board by Certiorari, which he could have done. Certiorari would have been the proper and traditional method of appeal.
We hold that the trial judge properly quashed the Alternative Writ of Mandamus.
Affirmed.
SHANNON, Acting C. J., and LILES, J., concur.