328 So.2d 578 (1976)
Robert FITZPATRICK, Appellant,
v.
CITY OF MIAMI BEACH, a Political Subdivision of the State of Florida, Appellee.
No. 75-477.
District Court of Appeal of Florida, Third District.
March 17, 1976.
Eugene P. Spellman and Dennis R. Kuhn, Miami, for appellant.
Joseph A. Wanick, City Atty., and Andrew H. Moriber and Michael Limond, Jr., Asst. City Attys., for appellee.
Before BARKDULL, C.J., and HENDRY and HAVERFIELD, JJ.
HENDRY, Judge.
Appellant, petitioner below, appeals an order of the circuit court denying his petition for a writ of certiorari.
Appellant was suspended from his position as a police officer with appellee, the City of Miami Beach, respondent below, for a period of five work days due to his alleged misconduct involving another city employee. Subsequently, appellant filed an appeal of his suspension with the Personnel Board of the City of Miami Beach. *579 After a hearing on his appeal, at which appellant contested the merits of his suspension, the Personnel Board entered a decision denying his appeal, finding him guilty of unnecessarily physically abusing a City employee, and upholding his suspension. The record reflects that this decision, dated April 27, 1973, was predicated upon a tie vote of the Personnel Board, i.e., three votes in favor of the suspension and three votes against such disciplinary action.
From the decision, appellant filed a petition for a writ of certiorari to the circuit court challenging the validity of the Personnel Board's decision. From the circuit court's order dated February 28, 1975, denying his petition, appellant brings this appeal.
Appellant contends that the burden of proof in his disciplinary hearing before the Personnel Board was upon the appointing authority (the Chief of Police of the City of Miami Beach) and, where balloting by the Personnel Board relative to the merits of his hearing resulted in a tie vote, the appointing authority failed to meet this burden; therefore, the decision of the Personnel Board, predicated upon such a vote, denying his appeal and upholding his suspension deprived him of the essential requirements of law. Appellant concludes that, based on such deprivation, the trial court erred in denying his petition for a writ of certiorari.
Appellee contends that the circuit court did not err in denying appellant's petition because, as a matter of law, the tie vote of the Personnel Board sustained the disciplinary action of the appointing authority.
In hearings before the Personnel Board, Rule IX (3)(f), Personnel Rules of the City of Miami Beach, provides that the appointing authority shall have the burden of presenting evidence to support the truth of the charges against any employee being disciplined. The fact that the aggrieved employee must initiate the hearing before the Personnel Board or that such action is denominated an "appeal" does not alter the proposition that the burden of proving the basis for a disciplinary action rests with the appointing authority.
As stated by appellee in its brief, the basic question presented by this appeal is whether a tie vote of the Personnel Board, reviewing the action of the appointing authority in suspending appellant, can uphold the suspension. The answer to this question depends upon what criteria should be utilized by the Personnel Board in evaluating the sufficiency of the appointing authority's evidentiary presentation.
In the case of Florida Dept. of Health & R.S. v. Career Serv. Com'n., Fla.App. 1974, 289 So.2d 412, at 415, the court stated as follows:
"We adopt and quote with approval the following comments contained in 2 Am.Jur.2d, supra [Administrative Law], sec. 392:
"`As a general rule the comparative degree of proof by which a case must be established is the same before an administrative tribunal as in a judicial proceeding  that is, a preponderance of the evidence. It is not satisfied by proof creating an equipoise, but it does not require proof beyond a reasonable doubt.'"
We concur with this statement. Also, as stated in Florida Dept. of Health & R.S. v. Career Serv. Com'n., supra, at 415 n. 2, the following distinction should be noted:
"There is a distinction between the standard by which an administrative tribunal measures the proof presented to it, i.e., preponderance of the evidence, and the standard by which a reviewing court measures the correctness of an administrative order under, i.e., competent substantial evidence. See De Groot v. Sheffield, Fla. 1957, 95 So.2d 912, 916. The functions of the two tribunals are dissimilar and the standards are not interchangeable."
*580 We are of the opinion, in the instant appeal, the tie vote of the Personnel Board, denying appellant's appeal and upholding his suspension, did not reflect that the appointing authority met its burden of proof, at appellant's hearing before the Personnel Board, by showing, by a preponderance of the evidence, that the charges against him were true. The tie vote only reflected that the evidence presented created an equipoise, which did not have the efficacy of substantiating, by the proper rule of evidence, the charges against appellant. For this reason, at his hearing before the Personnel Board, appellant was denied an essential requirement of the law. Therefore, the circuit court erred in denying appellant's petition for a writ of certiorari.
We have considered the record, all points in the briefs, and arguments of counsel in the light of the controlling principles of law, and have concluded that reversible error has been demonstrated. Therefore, for the reasons stated and upon the authorities cited, the order appealed is reversed.
Reversed.