### INTERLANDI v. TOWN OF LANTANA, et al.

No. 75-2253-CA(L)01-B.

Circuit Court, Palm Beach County.

November 14, 1977.

Michael B. Small West Palm Beach, for the petitioner.

James M. Adams, West Palm Beach, for the respondents.

DANIEL T. K. HURLEY, Circuit Judge.

Salvatore Interlandi has brought a petition for certiorari as permitted by *Davies v. Howell*, 192 So.2d 43 (Fla. 2d DCA 1966). He alleges that Florida Statute 286.011, the government in the sunshine law, has been violated and accordingly he seeks to void certain actions of the town of Lantana's civil service board and its town council. Specifically, he seeks to void the board's recommendation that ". . . a suspension period, without pay, effective from the date of termination (May 13, 1975) to July 14, 1975 be imposed upon Mr. Salvatore Interlandi for disciplinary purposes due to conduct detrimental to the efficient operation of the public works department. We also recommend that Mr. Interlandi be subject to a probationary period of ninety days upon his return on this date and that during this probationary period he be subject to written, weekly reviews by the public works director as to his attitude and actions during these periods." On June 10, 1975 the Lantana Town Council adopted and ratified the foregoing recommendation of its civil service board.

The record in this case discloses that the Lantana Civil Service Board met in public session on Thursday, May 29, 1975, in the chambers ordinarily used by the Lantana Town Council, for the purpose of entertaining petitioner's appeal from a prior termination of employment. Testimony was taken, argument of counsel was received, and the meeting was publicly adjourned. Apparently thereafter, the board's chairman canvassed its members to determine an acceptable continuation date. The time it took to obtain a consensus and the number of people remaining in the chambers are unknown, but it does appear that when a date was agreed upon, the chairman announced that date together with the time and place to those who were gathered in the front of the room. The tape recorder used to record the minutes of the meeting was turned off at the announcement of the meeting's adjournment and consequently no record exists of the chairman's later annoucement.

The board reconvened on Saturday, May 31, 1975 in the fire chief's office at the Lantana fire house. The meeting was conducted behind closed doors; neither petitioner nor his attorney was present and both have filed affidavits with the court in which they have sworn that they were unaware of the existence of the meeting.

At the outset, it should be noted that both parties to this action concede that Florida Statute 286.011, the "government in the sunshine law" requires that a civil service board hold open delibera-

tions and an open vote on the guilt or innocence of an employee at a disciplinary hearing. See Attorney General's Opinions 071-29, February 19, 1971, and 073-370, October 2, 1973.

Without attempting to resolve the disputed factual question of whether the board's chairman did make a public announcement of the continuation date to the people and press remaining in council chambers after the formal announcement of adjournment, the court concludes as a matter of law, that even if such notice had been given, it was insufficient to satisfy the requirements of Florida Statute 286.011. In *Hough v. Stembridge,* 278 So.2d 288, 291 (Fla. 3d DCA 1973), the court held —

> "Although §286.011, F.S.A. does not specifically mention such a requirement, as a practical matter in order for a public meeting to be in essence "public," we hold reasonable notice thereof to be mandatory."

The meaning of the term "reasonable notice" is variable, depending on the facts of each situation. Its purpose is to appraise individuals or the public generally of the pendency of matters which may affect their personal or property rights and afford them the opportunity to appear and present their views. See Attorney General's Opinion 073-170, May 17, 1973.

Turning to the operative facts in the case at bar, an announcement of a continuation date to a group gathered in the front of an emptying council chamber, when the party in interest may well have left the room, and when that announcement is not contained in the record of the evening's proceedings, woefully fails to satisfy the notice requirement of Florida Statute 286.011. That the meeting was subsequently held in another, less public room with neither the public, the press, the petitioner nor his attorney present, only corroborates and underscores the fact the statute was violated.

The resulting impact of a violation of Florida Statute 286.011, was set forth by the Florida Supreme Court in *Town of Palm Beach v. Gradison,* 296 So.2d 473, 477-478 (Fla. 1974) —

> "Mere showing that the government in the sunshine law has been violated constitutes an irreparable public injury so that the ordinance is void ab initio. . . . an unintended violation of the government in the sunshine law will negate any action taken by the town council."

Accordingly, it is ordered and adjudged that the petition for certiorari is herewith granted and the appealed recommendation of the Lantana Civil Service Board and its subsequent ratification and adoption by the town council of the town of Lantana are herewith quashed.