363 So.2d 329 (1978)
Vincent P. ANOLL, Appellant,
v.
Rocky POMERANCE, As Chief of Police for the City of Miami Beach, and the City of Miami Beach, a Municipal Corporation, Appellees.
Rocky POMERANCE, As Chief of Police for the City of Miami Beach, and the City of Miami Beach, a Municipal Corporation, Appellants,
v.
Vincent P. ANOLL, Appellee.
Nos. 50550, 50713.
Supreme Court of Florida.
July 27, 1978.
Rehearing Denied November 6, 1978.
*330 Douglas L. Williams of Orr, Nathan & Williams, Miami, for appellant/appellee.
Joseph A. Wanick, City Atty., Miami Beach, and Lee H. Schillinger of Reichenthal & Weinstein, Sp. Counsel, Miami, for appellees/appellants.
ALDERMAN, Justice.
This cause is before us on consolidated direct appeals. One appeal is by Rocky Pomerance, as Chief of Police for the City of Miami Beach, and by the City of Miami Beach from the final judgment of the Circuit Court, in and for Dade County, mandating that Vincent P. Anoll be reinstated as a city police officer. The other appeal is by Anoll from an order of the Circuit Court denying his request for attorney's fees and declaring that part of Ch. 27735, § 8, Laws of Florida (1951), allowing the assessment of attorney's fees against the City to be unconstitutional. We have jurisdiction pursuant to Article V, Section 3(b)(1), Florida Constitution.
Since we agree with the Police Chief and the City that the Circuit Court erred in mandating Anoll's reinstatement, it is not necessary for us to reach the constitutional question related to the denial of Anoll's request for attorney's fees. This, however, does not divest us of jurisdiction to dispose of this cause. P.C. Lissenden Co., Inc. v. Board of County Commissioners of Palm Beach County, 116 So.2d 632 (Fla. 1959).
In 1974, after Anoll allegedly discharged a firearm in a crowded bar, he was served with a notice of termination of his employment as a city police officer. He sought a review of the termination, and in accordance with Ch. 18696, Laws of Florida (1937), a special act creating the City of Miami Civil Service System, and Ch. 27735, Laws of Florida (1951), amending Ch. 18696, the City of Miami Beach and the Chief of Police convened a hearing before the Personnel Board. On June 4, 1975, the Personnel Board, by a tie vote, denied Anoll's request for reinstatement. Thereafter, on August 28, 1975, eighty-five days after the Personnel Board affirmed Anoll's termination, Anoll filed a petition for writ of mandamus and a complaint for declaratory relief. He alleged, among other things, that Ch. 18696, as amended, is unconstitutionally discriminatory insofar as it diminishes, fractionalizes and dilutes the votes of the employee members of the Personnel Board.
After hearing, the Circuit Court ordered that Anoll be reinstated. The court concluded that, because of the manner in which Anoll's appeal was denied at the Personnel Board hearing, a ruling on the constitutionality vel non of Ch. 18696, as amended, was unnecessary. However, relying on Fitzpatrick v. City of Miami Beach, 328 So.2d 578 (Fla. 3d DCA 1976), the court held that the tie vote in this cause improperly and illegally deprived Anoll of his position as a police officer.
The decision in Fitzpatrick v. City of Miami Beach, supra, involved a similar factual situation. In that case, Fitzpatrick had been suspended from his position as a police officer with the City of Miami Beach due to his alleged misconduct. He filed an appeal of his suspension with the Personnel Board which denied his appeal and upheld his suspension based upon a tie vote. Fitzpatrick, however, is distinguishable from the present case because, in that case, Fitzpatrick timely filed a petition for writ of certiorari to the Circuit Court challenging the validity of the Personnel Board's decision. After his petition for certiorari was denied, he then timely appealed to the District Court which reversed the Circuit Court, holding that a tie vote of the Personnel Board denying an employee's appeal and upholding his suspension did not show that the City had met its burden of proof of showing, by a preponderance of the evidence, that the charges against the employee which resulted in his suspension were true.
In this case, certiorari, rather than mandamus, would have been the appropriate remedy for Anoll to seek review of the decision of the Personnel Board. Mandamus may not be employed as an appellate remedy to review the quasi-judicial action *331 of an administrative agency. Solomon v. Sanitarians' Registration Board, 155 So.2d 353 (Fla. 1963). As we explained in DeGroot v. Sheffield, 95 So.2d 912 (Fla. 1957), a judgment becomes judicial or quasi-judicial, as distinguished from executive, when notice and hearing are required and the judgment of the board is contingent on the showing made at the hearing. In such cases, certiorari, not mandamus, should be employed as the proper method of review. Davies v. Howell, 192 So.2d 43 (Fla. 2d DCA 1966).
Accordingly, we hold that the trial court erred in granting the petition for writ of mandamus upon grounds which were reviewable only by timely petition for writ of certiorari and reverse the judgment of the trial court. In view of the fact that Anoll's reinstatement is reversed, we need not consider the question of his entitlement to attorney's fees, and therefore, we do not reach the question of whether that part of Ch. 27735, Laws of Florida (1951), is unconstitutional.
It is so ordered.
ENGLAND, C.J., and ADKINS, BOYD, OVERTON and SUNDBERG, JJ., concur.
HATCHETT, J., dissents.