447 So.2d 361 (1984)
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Florida Association of Home Health Agencies, Inc., and Gulf Coast Home Health Services, Inc., Appellants,
v.
JOHNSON AND JOHNSON HOME HEALTH CARE, INC., Appellee.
No. AV-441.
District Court of Appeal of Florida, First District.
March 8, 1984.
*362 James M. Barclay, Tallahassee, for appellant-HRS.
Leonard A. Carson and Michael M. Parrish of Carson & Linn, Tallahassee, for appellant-Florida Ass'n and Gulf Coast.
John Radey and Elizabeth W. McArthur of Holland & Knight, Tallahassee, for appellee.
BARFIELD, Judge.
The issue on this appeal from an administrative order is the validity of Rule 10-5.11(14)(a) and (b) which prescribes a threshold requirement for issuance of a certificate of need (CON) to a home health care provider that each existing provider within the service area must be seeing an average of 300 patients per day according to the census of the last calendar quarter. Two exceptions to this requirement are provided when existing agencies are unable to provide service or when the new agency would foster cost containment for all providers in the health service area.
The hearing officer declared the rule invalid, finding that it was arbitrary, inconsistent with statutory criteria (section 381.494(6)(c), Florida Statutes) for evaluating certificate of need (CON) applications, and was adopted without compliance with the notice and filing requirements of section 120.54, Florida Statutes. We affirm on the bases of arbitrariness and statutory inconsistency.
Johnson and Johnson Home Health Care, Inc. (Johnson) filed an application with the Department of Health and Rehabilitative Services (HRS) for a certificate of need to establish and operate a new home health agency in Hillsborough, Manatee, Pasco and Pinellas Counties. HRS denied the application because all home health agencies in the proposed service area had not reached a daily census average of 300 patients for the immediately preceding calendar quarter and neither exception to the rule of 300 had been met by Johnson.
The predicate for initially adopting the rule was the explanation from the existing providers in the industry that an agency operates with optimum administrative efficiency up to a patient level of 300. This rule does not measure quality of service or whether need is being met. The exception that existing agencies are unable to provide service does not allow for a situation where existing agencies are able but unwilling to provide services of a particular type or for a particular class of patients. It may be that HRS has interpreted "unable" to mean "unwilling"; however, it remains arbitrary if HRS has a choice. The exception for fostering cost containment for all providers is not supported by any data before HRS when it considered the rule and is uncertain in its meaning as to what providers are included. The stated purpose of the rule was to halt the proliferation of home health agencies. The record before the hearing officer showed that the rule of 300 was designed to protect the existing industry from competition. *363 There is no reasonable relationship shown between the prohibition of the rule and the health, morals, safety or welfare of the public. The rule is arbitrary and capricious and cannot stand. Agrico Chemical Company v. State of Florida Department of Environmental Regulation, 365 So.2d 759 (Fla. 1st DCA 1978).
Section 381.494(6)(c), Florida Statutes (1983), sets out criteria for evaluating CON applications, including the availability, quality of care, efficiency, appropriateness, accessibility, extent of utilization, and adequacy of like and existing health care services; probable economies and improvements in service that may be derived from operation of joint, cooperative, or shared health care resources; the need for special equipment and services; availability of resources; the financial feasibility of the proposal; and the probable impact of the proposed project on the costs of providing health services. The hearing officer correctly concluded that the rule of 300 precluded a balanced consideration of all the statutory criteria. Graham v. Estuary Properties, Inc., 399 So.2d 1374 (Fla. 1981), cert. den., 454 U.S. 1083, 102 S.Ct. 640, 70 L.Ed.2d 618 (1981). The rule allows HRS to ignore some statutory criteria and emphasize others, contrary to the legislative purpose it is supposed to implement. The rule exceeds delegated legislative authority. Farmworker Rights Organization, Inc. v. State of Florida Department of Health and Rehabilitative Services, 430 So.2d 1 (Fla. 1st DCA 1983).
It is not necessary for us to consider other issues raised on the appeal.
AFFIRMED.
MILLS and WENTWORTH, JJ., concur.