476 So.2d 258 (1985)
HUMHOSCO, INC., d/b/a Humana Hospital Mandarin, Appellant,
v.
DEPARTMENT OF HEALTH AND REHABILITATIVE SERVICES, Appellee.
No. AZ-403.
District Court of Appeal of Florida, First District.
September 25, 1985.
*260 F. Perry Odom and Dean Bunch of Ervin, Varn, Jacobs, Odom & Kitchen, Tallahassee, for appellant.
M. Stephen Turner of Culpepper, Turner & Mannheimer, Tallahassee, and Alicia Jacobs, Gen. Counsel, HRS, Tallahassee, for appellee.
ZEHMER, Judge.
Appellant challenges the facial validity of rules 10-17.001 and 10-17.005, Florida Administrative Code, and raises seven issues on appeal. We affirm the hearing officer's order upholding the rules.
This rule-challenge proceeding under section 120.56, Florida Statutes (1983), grew out of a related administrative proceeding involving appellant's application to the Department of Health and Rehabilitative Services (HRS) for a certificate of need (CON) to construct and operate a 100-bed acute care hospital in the Mandarin area of Duval County. Appellant's CON application was denied by HRS, and appellant requested a formal administrative hearing. On August 12, 1983, prior to the hearing on appellant's CON application, HRS published proposed rules 10-16.001 through 10-16.012 in Florida Administrative Weekly. 9 F.A.W. 1952 (Aug. 12, 1983). These rules were designed to reflect the criteria by which certificate of need applications from various subdistricts throughout Florida are judged. The rules were proposed pursuant to section 381.494(7)(b)1, Florida Statutes (1983), which requires that "the elements of an approved district plan which are necessary to the review of any certificate-of-need application shall be adopted by the department as a part of its rules."
On September 7, 1983, during the CON hearing, Humana attempted to introduce certain evidence (which need not be described in detail here). HRS successfully objected to this evidence as inconsistent with both the statewide acute care bed need rule (rule 10-5.11(23)) and the proposed subdistrict rules 10-16.001 through 10-16.012. On September 23, 1983, HRS published certain changes and additions to the subdistrict rules, particularly rule 10-16.001. 9 F.A.W. 2475 (Sept. 23, 1983). On September 26, HRS filed the subdistrict rules with the Department of State for adoption, and the rules were ultimately adopted and published in the Florida Administrative Code as rules 10-17.001 through 10-17.012.
On December 1, 1983, appellant filed a petition with the Division of Administrative Hearings pursuant to section 120.56, challenging the validity of new rules 10-17.001 and 10-17.005, Florida Administrative Code, on various grounds. After an administrative hearing, the hearing officer issued a final order overruling all petitioner's grounds and upholding the validity of the rules. This appeal is taken from that final order.
Section 120.56(1), Florida Statutes (1983), authorizes "any person substantially affected by a rule," which appellant obviously is, to "seek an administrative determination of the invalidity of the rule on the ground that the rule is an invalid exercise of delegated legislative authority." The instant proceeding was brought under this section, and the validity of the challenged rules must be tested against this statutory standard. Appellant has neither alleged nor argued that the rules are invalid because they are arbitrary and capricious, and has presented no evidence to support such a contention. Rather, all grounds of challenge are directed to the facial validity of the rule as being beyond or in conflict with the statutory authority underlying the rule.
Appellant's first point is that the challenged rules conflict with section 381.494(7)(b)1, Florida Statutes (1983), which requires HRS to provide to local health councils a "uniform methodology" for the formulation of subdistrict plans, because HRS's construction of the statutory term "uniform methodology" is beyond the scope of the statute. We agree with the *261 hearing officer that this argument is without merit. When an agency committed with authority to implement a statute construes the statute in a permissible way, that interpretation must be sustained even though another interpretation may be possible or even, in the view of some, preferable. State Department of Health & Rehabilitative Services v. Framat Realty, Inc., 407 So.2d 238, 241-242 (Fla. 1st DCA 1981). One challenging the facial validity of a rule construing a statute must show that the agency's interpretation of the statute is clearly erroneous or unauthorized. North American Publications, Inc. v. Department of Revenue, 436 So.2d 954, 955 (Fla. 1st DCA 1983). The agency's interpretation of the term "uniform methodology" is not clearly erroneous or unauthorized by the statutory language, and the rules in question have not been shown to be invalid for this reason.
Appellant next argues that the challenged rules conflict with section 381.494(7)(b)1, Florida Statutes (1983), because the rules do not include all elements of the approved district plan necessary to review of a CON application. We agree with the hearing officer that this does not constitute an attack on the facial validity of a subdistrict rule under the statutory provision but, rather, amounts to a claim that HRS has acted in an arbitrary or capricious manner. Appellant has not presented evidence to prove that the alleged "missing" elements of the district's plan are necessary or essential to review of CON applications or that omission of such elements is arbitrary and capricious. The record does reflect that HRS intended, at the time the rules were adopted, to adopt additional elements of the district plans as they were submitted and evaluated, apparently because it was impractical to delay adoption until all elements of the plan were developed. Appellant has not shown that HRS erred in construing the statute as allowing adoption of additional elements of the local plan as those elements were prepared, reviewed, and approved for adoption. No statutory provision requiring otherwise has been cited to us.
Appellant's third argument is that the challenged rules conflict with section 381.494(6)(c), Florida Statutes (1983), because they give undue significance to the numerical calculation of acute care bed need. Again we agree with the hearing officer's conclusion to the contrary. Unlike the situation in Department of Health & Rehabilitative Services v. Johnson & Johnson Home Health Care, Inc., 447 So.2d 361 (Fla. 1st DCA 1984), the subdistrict rules under review do not preclude a balanced consideration of the statutory criteria contained in section 381.494(6)(c). The subdistrict rules specifically reference rule 10-5.11(23)(b), which explicitly recognizes the applicability of all statutory criteria. Thus, even if no numerical bed need is calculated under the subdistrict rule, the other statutory criteria nevertheless remain applicable and may justify, in limited circumstances, the issuance of a CON.
Appellant next argues that rule 10-17.001(3)(a) is invalid because it gives HRS unbridled discretion to determine what the law shall be in derogation of article II, section 3, Florida Constitution, which prohibits unauthorized delegation of legislative authority. We find that the words used in the rules and objected to by appellant, i.e., "normally" and "substantially," are commonly used and understood terms within the agency's delegated legislative authority and which the agency has the discretion to construe on a case-by-case basis in light of the facts developed.
The fifth point made by appellant is that the challenged rules are inconsistent with HRS "guidelines" provided to local health councils to assist in development of district plans. The hearing officer found  and we agree  that this is not an attack on the facial validity of the rules but, rather, is an attack on HRS's exercise of its discretion to approve a district's plan that, according to appellant, is inconsistent with HRS guidelines. The hearing officer found that appellant's argument had not been substantiated by the evidence. We affirm this finding.
*262 HRS next argues that rule 10-17.001, which contains definitions and general provisions applicable throughout chapter 10-17 of the rules, is invalid because it contains more than a single subject. Under section 120.54(8), Florida Statutes (1983), each adopted rule must be limited to one subject. Appellant contends that subsection (3) impermissibly adds a second subject to rule 10-17.001 that should have been the subject of a separate rule. Appellee contends that subsection (3) was added in response to comments at a public hearing on the proposed rules in order to clarify the relationship between the proposed rules and existing rules in chapter 10-5, Florida Administrative Code. The hearing officer agreed with HRS's position and found that the addition of subsection (3) did not violate the single-subject rule since it logically falls within the general definitions and provisions set forth in rule 17.001. We likewise conclude that subsection (3) is facially consistent with the subject matter and purpose of rule 10-17.001, i.e., to set forth general provisions and definitions to be used in construing and applying the remaining rules in that chapter. Furthermore, we note that appellant has not challenged this change to the rule on the basis that it was not supported by testimony at the public hearing or that other procedural infirmities have rendered such change invalid. Appellant does attempt to argue potential abuse by the agency if we approve the procedure followed by HRS in this case, but fails to demonstrate how it was prejudiced by any alleged procedural error. We affirm the hearing officer's ruling on this issue.
Finally, appellant contends that the rules are invalid because HRS failed to properly prepare an economic impact statement on the rules. We agree with the hearing officer that any deficiencies in the economic impact statement are insufficient to render it invalid.
AFFIRMED.
SMITH and BARFIELD, JJ., concur.