WENTWORTH, Judge.
Appellant seeks review of a Department of Health and Rehabilitative Services final order denying its application for a certificate of need (CON) for the transfer of 100 acute care beds to a proposed new satellite hospital. Appellant contends the proposed project is consistent with all statutory and rule criteria, and urges a lack of evidentia-ry support for the hearing officer’s conclusion, adopted by the final order, that the project does not meet a balanced consideration of those criteria. We find that denial of the certificate of need rests on adequate evidence consistent with pertinent law and rules. We therefore affirm.
*347 Appellant, an acute care hospital with 649 licensed beds, filed an application for a certificate of need, seeking approval for a 150 bed general acute care satellite hospital in Carrollwood, Hillsborough County, and proposed the transfer of 150 existing licensed beds from the main facility in Tampa to the satellite. The estimated total cost of the project was $16,775,000. By letter the department preliminarily denied appellant’s application. Appellant filed a petition for formal administrative hearing. Prior to the hearing, appellant and the department executed a stipulation and settlement agreement which provided that the department agreed that there is a need for relocation and transfer of 100 acute care beds and acute care services from appellant’s existing hospital to the proposed 100 bed acute care satellite hospital. The stipulation set forth a percentage of the total number of admissions at the satellite hospital which would be rendered to medicaid patients and to non-medicaid charity/uncompensated patients whose family income was equal to or less than the current federal poverty guidelines. Under the agreement appellant agreed that it would request and seek only partial approval of the proposed CON application and the number of licensed beds to be relocated was to be reduced from 150 to 100.
At the hearing, appellant and the department sought partial approval of the CON to conform to the terms of the stipulation and settlement agreement. The hearing officer entered a recommended order finding that the department currently has no rule specifically governing the transfer of acute care beds, and Rule 10-5.011(l)(m) does not apply to acute care transfers since it addresses new or additional beds. The order found that the department has begun developing a policy for review of acute care transfer applications which do not request additional beds, and that in its current conceptual form, that policy follows the statutory review criteria as they might apply to transfer applications which do not request new beds. Further findings were that the emerging policy urges review of acute care transfer applications with emphasis on such criteria as the reduction of excess beds, better utilization of existing beds, encouragement of hospital efficiency, improvement of financial and geographic access, the encouragement of quality care, and the encouragement of competition in the hospital industry; that appellant’s proposal did not address the key elements of the state health plan and the department’s nonrule policy calling for bed reduction when transfers are considered; that district VI is overbedded by nearly 700 beds, and that appellant’s proposal was inconsistent with the local health plan since it did not reduce the number of excess beds, while at the same time it would transfer 100 beds to an area of the county with a predominantly affluent, young and growing population from which appellant would realize a substantial number of paying, as opposed to indigent or medicaid, patients; that other facilities currently serving the proposed service area would be more likely to achieve optimum occupancy levels if the satellite were not built; that while appellant had the ability to financially support the satellite facility and to internally finance its construction, the construction and operation of the satellite would reduce appellant’s overall operating margin, and appellant would be less able to provide charity, indigent and medicaid care after construction of the satellite; that appellant’s “proposal to spend approximately $16 million on construction of the satellite to serve from 16 to 26 ‘new’ patients could reasonably be expected to adversely affect health care costs”; and finally that approval of the project would not further the local health plan objective of protecting disproportionate indigent providers, because it would result in a loss by competitor Tampa General Hospital of a significant number of paying patients.
Applying the statutory criteria in section 381.494(6)(c), Florida Statutes, and the department’s nonrule policy, the hearing officer concluded that appellant had not met its burden of proof and therefore was not entitled to approval of the portion of the CON at issue.
Appellant’s contention, that the order adopting those findings and conclusion erroneously applied standards relevant to CON applications for new acute care beds, *348 is not supported by the record or order. In the recommended order, adopted by the department, the hearing officer explicitly stated that Rule 10-5.011(l)(m) does not apply to acute care transfers since it addresses new or additional beds. The hearing officer stated that the department had begun developing a departmental policy for review of acute care transfer applications which do not request additional beds and that, in its current conceptual form, the transfer policy follows the statutory review criteria as they might apply to transfer applications which do not request new beds.
A review of the record establishes that in determining appellant’s entitlement to the CON, the hearing officer specifically applied the provisions of section 381.494(6)(c), Florida Statutes (1985), as well as the department’s nonrule policy for transfer applications. Denial of the application was predicated upon appellant’s failure to sustain its burden to show consistency with the state and local health plans as well as the department’s nonrule policy. Specifically, appellant failed to establish a need for the transfer of beds based upon geographic or financial accessibility considerations, optimization of existing resources, increased access for indigents and the un-derserved, lack of available alternatives to serve the area and financial feasibility. The determination was made that appellant’s application failed to satisfy several of the criteria enumerated in section 381.-494(6)(c). Appellant’s contention that the wrong criteria were applied against which to assess the evidence is therefore without merit. The order appealed correctly determined the question of appellant’s entitlement based on a balanced consideration of statutory and rule criteria. See Department of Health and Rehabilitative Services v. Johnson & Johnson, 447 So.2d 361 (Fla. 1st DCA 1984).
AFFIRMED.
ERVIN and ZEHMER, JJ., concur.