840 So.2d 297 (2003)
Angelo PALOUMBIS, Appellant,
v.
CITY OF MIAMI BEACH, a municipal corporation, Appellee.
No. 3D02-809.
District Court of Appeal of Florida, Third District.
February 5, 2003.
Rehearing and Rehearing Denied March 26, 2003.
Nevel & Greenfield and David H. Nevel, Miami Beach, for appellant.
Murray H. Dubbin, City Attorney and Kelli V. Cohen, Senior Assistant City Attorney, for appellee.
Before SCHWARTZ, C.J., and FLETCHER and RAMIREZ, JJ.
Rehearing and Rehearing En Banc Denied March 26, 2003.
FLETCHER, Judge.
Angelo Paloumbis seeks review[1] of a decision of the appellate division of the Miami-Dade County circuit court quashing *298 a decision of the City of Miami Beach Personnel Board.[2] We grant certiorari.
Paloumbis was a classified employee of the City of Miami Beach working in the City's code enforcement department. He was employed at the same time by a nightclub, which moonlighting led to termination of his employment by the City purportedly for violating Section 3(d)(1), City Personnel Rule I, which provides:
"EMPLOYMENT RESTRICTIONS:
1. No person who holds a position in the Classified Service of the City shall engage in any other employment or pursue any other gainful occupation than that involved in his/her City duties except as such other work shall be formally approved by the Appointing Officer under whom he/she serves and by the City Manager. Any person may be appointed to more than one part-time position in the service of City provided that the working hours and [sic] do not conflict."[3]
[R.5]
Paloumbis appealed his employment termination to the Personnel Board, whose ultimate duty it is to uphold or deny employment appeals.[4]
During Paloumbis' appeal hearing before the Personnel Board the unrefuted testimony reflected that he was employed by the nightclub while also employed by the City. It further reflected that he had not received approval from his appointing officer and the City Manager for his employment at the nightclub.
Notwithstanding these clear-cut facts the City's Personnel Board found in Paloumbis' favor. The hearing transcript [at R. 138-48] indicates that the Board reached this result by construing Section 3(d)(1), Personnel Rule I, as requiring the City, in enforcing the rule, to demonstrate an actual conflict of interest between the City employment and the outside employment. The Board construed the rule not to have been violated without such an actual conflict.
The City then sought in the circuit court certiorari review of the Board's reinstatement of Paloumbis as a City employee. The court agreed with the City, rejected the Personnel Board's interpretation of Section 3(d)(1), Personnel Rule I, and quashed the Board's decision (thus upholding the employment discharge of Paloumbis). In granting the City's petition the circuit court held that the Personnel Board "is limited to determining the `truth or untruth' of a charge against an employee ...." [R.84]. The Personnel Board, according to the circuit court and the City, is thus simply a fact-finding body unable to construe the rules it enforces and mandated to accept the City's interpretation of those rules.
Such is not the case, however. Of necessity it is the Personnel Board's task to apply, thus interpret, the rules and to do so in a rational fashion.[5] Its administrative *299 interpretation is entitled to judicial deference[6] as long as it is within the range of possible permissible interpretations. Humhosco, Inc. v. Department of Health & Rehabilitative Servs., 476 So.2d 258 (Fla. 1st DCA 1985). It is arguable due deference being giventhat the language of Section 3(d)(1), Personnel Rule I, lends itself to several interpretations, including the Personnel Board's interpretation that the rule applies only where there is an actual employee conflict of interest.
As a result, we grant the petition and quash the circuit court's decision. The cause is remanded to the circuit court[7] for a determination as to whether there is sufficient substantial competent evidence before the Personnel Board to uphold that Board's decision that there is no actual conflict of interest in Paloumbis' double employment.[8]
RAMIREZ, J., concurs.
SCHWARTZ, Chief Judge (specially concurring).
I agree with the result and with the opinion of the court so far as it goes.[9] I would include, however, in the directions for reconsideration on remand the additional question of whether the evidence supports a permissible interpretation of the rule requiring appropriate notice to the employee of the City's disapproval of his second employment so that, as has apparently occurred in the case of every other Miami Beach employee, he may be afforded the opportunity of leaving the second job, rather than, like Paloumbis, being fired from his City employment.[10]
NOTES
[1] We treat his appeal as a petition for writ of certiorari. See Rule 9.190, Fla. R.App. P.; Anoll v. Pomerance, 363 So.2d 329 (Fla.1978).
[2] The City of Miami Beach Personnel Board was originally established by Ch. 18696, Laws of Florida (1937). It is a quasi-judicial body with the authority to review personnel actions, including the termination of employment. See Anoll v. Pomerance, supra note 1.
[3] Violation of the rule is an adequate ground for removal. Section 4, City Personnel Rule I.[R.6].
[4] Section 3(l), City Personnel Rule XI reads in pertinent part:

"A majority vote of those members present shall be required to deny an appeal. In the event of a tied vote, the appeal shall be upheld."
[R.12]
[5] See Anoll v. Pomerance, 363 So.2d at 331 ("[T]he judgment of the Board is contingent on the showing made at the hearing.")
[6] Deference is particularly given where the Board is acting in its field of expertise. See Humhosco, Inc. v. Department of Health & Rehabilitative Servs., 476 So.2d 258 (Fla. 1st DCA 1985).
[7] See City of Deerfield Beach v. Vaillant, 419 So.2d 624 (Fla.1982).
[8] This does not preclude the City's legislative body from amending the Rules should it dislike the Personnel Board's interpretation thereof.
[9] Even though we have determined that the circuit court departed from the essential requirements of the law by ignoring competent substantial evidence which supports the decision of the Personnel Board, I fully understand that Dusseau v. Metropolitan Dade County Board of County Commissioners, 794 So.2d 1270 (Fla.2001) and Florida Power & Light Co. v. City of Dania, 761 So.2d 1089, 1093 (Fla.2000), require that the circuit court now make that same determination itself. Were it not for these decisions, which I believe require the same kind of purposeless legal churning so rightly decried by the Supreme Court in State v. Rucker, 613 So.2d 460 (Fla.1993); see Mizell v. State, 716 So.2d 829 (Fla. 3d DCA 1998), I believe it would be appropriate to remand simply for outright denial of the City's petition for certiorari without further consideration. See Broward County v. G.B.V. Int'l, Ltd., 787 So.2d 838, 849, 854 (Fla.2001)(Pariente, J., dissenting).
[10] In an appropriate case in which, unlike the present one, it may be necessary to reach the issue, I would seriously consider the possibility that, just as the state may not appeal from a jury verdict and judgment of acquittal even if the evidence uncontradictedly demonstrates guilt, a municipality may not, under any circumstances, appeal from a Personnel Board's finding of no violation, as occurred in this case. Despite its promise at oral argument, the City has been able to cite not a single case or authority in the long history of these ubiquitous disciplinary boards in which such an appeal has been recognized.