*W. C. Henson* and *Craighead & Craighead,* contra.

NEWBERRY *et al. v.* ODOM *et al.*

GILBERT, J.   W. M. Newberry and others, as taxpayers, brought suit to enjoin the Commissioners of Roads and Revenues of Baker County and Austin Brothers Bridge Company from carrying out a contract entered into between the commissioners and the company.  The contract was for the removal of a bridge from one point on Chickasawhatchee Creek and the erection of the same at another point.  The commissioners had advertised for bids according to specifications, and received three bids, one from Austin Brothers Bridge Company, one from J. L. Goodman, and one from C. W. Rumney.  The bid from the Austin Company was the

highest of the three. The commissioners rejected the bids of Goodman and Rumney, and awarded the contract to the Austin Company. Petitioners contend that the commissioners are without lawful authority to reject the lower bids, because of the provisions of the Civil Code (1910), § 387, as follows: "Whenever it becomes necessary to build or repair any court-house, jail, bridge, causeway, or other public works in any county in this State, the officer having charge of the roads and revenues and public buildings of such county shall cause the same to be built or repaired by letting out the contract therefor to the lowest bidder, at public outcry, before the court-house door, after having advertised the letting of said contracts as hereinafter provided. Provided, that such county authorities shall have authority to reject any and all bids at such public letting." The commissioners contend that the two lower bids were not in compliance with or responsive to the specifications as advertised, because they did not refer to any plan or specification on file, or submit any plan or specification for doing the work; and because, as to portions of the work, they did not show the kind of material to be used, and as to other portions did not show the manner in which it would be done. *Held:*

1. The court did not err in holding that the commissioners were within their legal rights and in the exercise of their discretion in disregarding the two lower bids and accepting the bid of the Austin Bridge Company.
2. This case differs in its facts from the case of *Garrison* v. *Perkins*, 137 *Ga.* 744 (74 S. E. 541), and is not in conflict therewith.

*Judgment affirmed. All the Justices concur.*

No. 7736. May 16, 1930.

*J. A. Drake,* for plaintiffs. *Benton Odom,* for defendants.