DOUGLAS N. HIGGINS, INC., Plaintiff,

v.

FLORIDA KEYS AQUEDUCT AUTHORITY, Defendant.

No. 82–84–Civ–SMA.

United States District Court, S.D. Florida.

June 21, 1983.

William E. Turnipseed, Atlanta, Ga., Barry L. Meadow, Miami, Fla., for plaintiff.

Enrique Aproyo, Coral Gables, Fla., for defendant.

## ORDER GRANTING DEFENDANT'S MOTION TO DISMISS AND DENYING ALL OTHER MOTIONS AS MOOT

ARONOVITZ, District Judge.

THIS MATTER comes before the Court upon the following motions:

1. Plaintiff's Motion for Partial Summary Judgment;

2. Defendant's Motion for Summary Judgment; and

3. Defendant's Motion to Dismiss.

The Court has reviewed the motions, the memoranda of law submitted in support thereof, the responses thereto, the record, and the law, and has heard oral argument of counsel for the parties. Having been fully advised in the premises, it is thereupon

ORDERED AND ADJUDGED, for reasons as are more fully set forth in this Court's Memorandum Opinion which follows, that Defendant's Motion to Dismiss, in its own right and as converted into a motion for summary judgment pursuant to Rule 12(b), Fed.R.Civ.P., is GRANTED [1]. All other pending motions are DENIED as moot.

## MEMORANDUM OPINION

### Factual Background

This is an action by a Michigan contractor for damages under 42 U.S.C. § 1983 and under Florida law. The undisputed facts are that Plaintiff was the second lowest bidder on one contract for the construction of the Florida Keys Aqueduct Water Supply and Transmission Line. The Invitation for Bids (IFB) provided, in pertinent part:

Awards will be made to the lowest responsible bidder or combination of BIDS which is most advantageous to the OWNER.

. . . .

A conditional or qualified BID will not be accepted.

. . . .

The Owner may waive any informalities or minor defects or reject any and all BIDS.

The apparent low bidder on Contract 3 was Iacobelli-Ferrera (I–F), who bid $5,173,885. Plaintiff was the second lowest bidder with $6,060,350. I–F's bid contained the following language:

Our proposal is based upon the award to this joint venture of Contracts 3, 4, 5, 6 and 7 as a minimum.

I–F was awarded Contracts 3 and 4.

Plaintiff filed its notice of protest with Defendant Florida Keys Aqueduct Authority (FKAA), and, on October 19, 1981, an administrative hearing was held on Higgins' complaint that the above-quoted language in the I–F bid constituted a "condition" and did not amount to an "informality or minor defect" waivable by FKAA. Higgins claimed that it could have submitted a lower bid had it submitted a bid conditional on the award of two or more contracts to include Contract 3 because of the economies of scale arising out of the award of two or more contracts. The FKAA denied Higgins' protest.

In addition to filing the instant action, Higgins had appealed the FKAA's decision to the Florida Third District Court of Appeal. The District Court of Appeal reached its decision on February 1, 1983, by per curiam affirming the decision of the FKAA in denying Higgins' protest.

[1]. Since matters outside the pleadings were presented and received by the Court, the Court is treating the Defendant's Motion to Dismiss as one for summary judgment pursuant to Rule 12(b). The Court would even deem that the Motion to Dismiss could be granted on the merits of the motion, but, in the interests of caution and consideration, the motion shall be disposed of as provided in Rule 56.

Before the state appellate court had reached its decision, however, Plaintiff filed the action now pending before this Court. The first count of the Plaintiff's complaint alleges a violation of 42 U.S.C. § 1983. Specifically, Higgins claims that it had a property interest in the expectation of the lowest bidder whose bid was in full compliance with the IFB to be awarded Contract 3 once the FKAA exercised its discretion to make an award and that this property interest was taken from it by the Defendant state administrative agency.

The second count of the complaint raises numerous violations of Florida law in that the FKAA's acceptance of I–F's bid violated the competitive bidding requirements of state law. In view of the decision of the Third District Court of Appeal, however, Plaintiff conceded in its response to Defendant's Motion to Dismiss that the state claims "could no longer be ethically advanced" leaving only the section 1983 claim for resolution.

### The Law

Higgins contends that the law of Florida created in Higgins a property interest—the expectation of the lowest responsible bidder whose bid was in full compliance with the terms of the IFB to be awarded Contract 3 once the FKAA exercised its discretion to make an award—protected by the due process and equal protection clauses of the Fourteenth Amendment. Higgins argues that although the FKAA had complete discretion as to whether to make an award, the same statute circumscribed the exercise of that discretion to make an award in that it required the award to be made to the lowest responsible bidder. Chap. 76–441, § 36, *Laws of Florida.*

Only a few courts have addressed the issue of whether there is a constitutionally-protected property interest of a disappointed bidder to a public contract. *See, Three Rivers Cablevision v. City of Pittsburgh,* 502 F.Supp. 1118 (W.D.Pa.1980); *Kendrick v. City Council of Augusta, Georgia,* 516 F.Supp. 1134 (S.D.Ga.1981); *Teleprompter of Erie, Inc. v. City of Erie,* 537 F.Supp. 6 (W.D.Pa.1981).

Plaintiff relies mostly on the *Three Rivers* case. That case involved an action by a disappointed bidder for the cable television contract in Pittsburgh. That city, pursuant to its decision to solicit bids for a cable television contract, enacted an ordinance to regulate the prospective cable system and to provide the basic contract terms and specifications the bidders must meet. The ordinance further provided that all bids must meet the construction and service specifications set forth in the ordinance as a prerequisite to consideration for award of the contract. In stating its claim under section 1983, plaintiff alleged that its competitor, which was eventually awarded the contract, (1) failed in a significant and material respect to comply with the bid requirements of the city ordinance and (2) thereafter, met privately with certain officials for the purpose of amending the bid deficiencies.

The Court began the discussion of the plaintiff's due process claim under section 1983 by referring to the "entitlement doctrine" as articulated in *Board of Regents v. Roth,* 408 U.S. 564, 92 S.Ct. 2701, 33 L.Ed.2d 548 (1971):

> To have a property interest in a benefit, a person clearly must have more than an abstract need or desire for it. He must have more than a unilateral expectation of it. He must, instead, have a legitimate claim of entitlement to it.
>
> . . . .
>
> Property interests, of course, are not created and their dimensions are defined by existing rules or understandings that stem from an independent source such as state law—rules or understandings that secure certain benefits and that support claims of entitlement of those benefits
>
> . . . .

The court initially concluded that there can be no property interest in the procedures themselves; that is, the plaintiff did not possess a property interest "in the adherence by council to the procedures outlined" by the ordinances. Instead, the protected

property interest "is to be found in the *benefit* whose enjoyment is sought to be regulated by the procedure; namely, the award of the contract."

Thus, while the procedure for awarding a contract, and the awarding authority's compliance therewith, does not, in and of itself, amount to a property interest, a protected property interest may nonetheless exist in the sought-after benefit which, as stated by the *Roth* court, is created and defined by that procedure.

*Kendrick, supra,* 516 F.Supp. at 1138 (interpreting *Three Rivers*).

Turning to the facts, the *Three Rivers* court concluded that while plaintiff substantially complied with the bidding procedures, plaintiff's competitor violated the procedures in several respects. Thus, in the terminology of *Roth,* while the plaintiff conformed with the "existing rules or understandings" of the bidding procedure, from which the expected benefit emanated, plaintiff's competitor did not conform with the "existing rules or understandings" but actually received the benefit defined by those rules or understandings. As the court concluded:

> [I]n the circumstances of this case a property interest of relatively narrow dimension exists. Simply stated, that interest was the right of the lowest responsible bidder in full compliance with the specifications to be awarded the contract once the city in fact decided to make an award. The due process to which one possessing the protected interest was entitled was the non-arbitrary exercise by the city of its discretion in making the award. And it follows that a deprivation of the substantive benefit (the protected property interest) without the process due is an actionable wrong.

*Three Rivers, supra,* 502 F.Supp. at 1131.

Of course, not all unsuccessful bidders may seek redress in federal court under section 1983. As stated by another court:

> Clearly dispositive in *Three Rivers Cablevision* were the unique factual allegations, in particular: (1) a regulated bidding procedure, (2) material compliance with the procedure by the unsuccessful bidder, and (3) material and significant noncompliance with the procedure by the successful bidder.

*Kendrick, supra,* 516 F.Supp. 1139.

The court used the same analysis to find that, in addition to a denial of due process, there was a denial of equal protection also actionable under section 1983.

Two other district courts have interpreted and followed the *Three Rivers* case. In *Kendrick, supra,* a disappointed bidder for a city tow-in contract filed a section 1983 claim against the city which awarded the contract to a competitor. The court there agreed with the conclusions reached in *Three Rivers* but denied plaintiff relief on grounds that there was no showing that the competitor's bid did not comply with the bidding specifications. In *Teleprompter of Erie, supra,* the court agreed with its sister court's *Three Rivers* decision in holding that the plaintiff stated a sufficient claim to defeat a motion to dismiss.

Plaintiff relies heavily on the *Three Rivers* rationale in support of its position. However, it is clear that the instant case bears a closer resemblance to the *Kendrick* case, at least after the decision of the Third District Court of Appeal. The *Kendrick* court, while agreeing with the analysis of *Three Rivers,* found that, in contrast with *Three Rivers,* the plaintiff had failed to show material non-compliance with the bidding procedures by the successful bidder. This was one of the "unique factual allegations" that was dispositive in *Three Rivers.* If the Third District Court of Appeal had already found, implicit in its affirmance of the FKAA's denial of violation of competitive bidding requirements of state law, that I–F's bid did not significantly fail to comply with the bidding requirements of state law, then that finding might collaterally estop a different finding by this Court.

The findings of fact of the FKAA administrative tribunal were entered under a preponderance of the evidence standard, *Florida Department of H.R.S. v. Career Service Com.,* 289 So.2d 412 (Fla. 4th DCA 1974); *Fitzpatrick v. Miami Beach,* 328 So.2d 578

(Fla. 3rd DCA 1976). This standard is, of course, distinct and different from the substantial evidence standard for review employed by the Third District Court of Appeal in its affirmance of the FKAA's decision. *Re: Baldridge's Estate,* 74 So.2d 658 (Fla.1954). Nevertheless, the Third District Court of Appeal has found, implicit in its affirmance of the FKAA's decision, that the FKAA's use of the preponderance of the evidence standard in reaching its findings of fact was not in error, and that court (the appellate court) had before it the same record that this Court has before it today.

■ The preponderance of the evidence standard is also the standard to be employed by this Court in entering its findings of fact on a section 1983 claim. *Paschal v. Florida Public Employees Relations Com.,* 666 F.2d 1381 (11th Cir.1982). Therefore, this Court would use the same standard as that used by the administrative tribunal in determining the underlying findings of fact. The question then is whether the same facts were presented to the administrative tribunal as are presently before this Court. In that respect, the Court notes that the factual record that was presented to the administrative tribunal is the same record that has been presented before this Court. *See,* the record on appeal, including the briefs of the parties, in *Douglas N. Higgins, Inc. v. Florida Keys Aqueduct Authority,* 427 So.2d 750 (Fla. 3rd DCA 1983).

■ This Court is bound, therefore, to accept the findings of fact of the FKAA administrative tribunal and the Third District Court of Appeal under the doctrine of collateral estoppel. Under the doctrine of collateral estoppel, any set of facts, distinctly put in issue and directly determined by a court of competent jurisdiction prevents a party from relitigating the issue in a subsequent action. *Parklane Hosiery Co. v. Shore,* 439 U.S. 322, 99 S.Ct. 645, 58 L.Ed.2d 552 (1979). While the decision of the FKAA administrative tribunal and the District Court of Appeal in denying Plaintiff relief on Plaintiff's state law claim did not act as res judicata on the section 1983 claim, since that cause of action was not presented

in the state action, the findings of fact reached in determining the state law claim are binding on this Court in determining its section 1983 claim. *Allen v. McCurry,* 449 U.S. 90, 101 S.Ct. 411, 66 L.Ed.2d 308 (1980) (collateral estoppel applicable in section 1983 actions).

Thus, there has already been a finding under the preponderance of the evidence standard based upon the same facts presented to this Court that there was no material and significant noncompliance by the successful bidder from the bidding requirements of state law. Further, that finding is binding upon this Court under the doctrine of collateral estoppel. Consequently, since there was no material and significant noncompliance with the bidding requirements by the successful bidder, Plaintiff cannot claim that it has suffered a violation of its constitutional rights under section 1983, following the theory propounded in the *Three Rivers* case.

Thereupon, it is

ORDERED AND ADJUDGED that Defendant's Motion to Dismiss, in its own right and as converted into a motion for summary judgment pursuant to Rule 12(b), Fed.R.Civ.P., is GRANTED. All other pending motions are DENIED as moot.