**METRIC CONSTRUCTORS, INC., Plaintiff,**

v.

**GWINNETT COUNTY, GEORGIA, Defendant.**

Civ. A. No. 1:89–CV–835–MHS.

United States District Court,
N.D. Georgia,
Atlanta Division.

Jan. 9, 1990.

Nancy Becker Hewes, William E. Sumner, Sumner & Hewes, Atlanta, Ga., for plaintiff.

George Gibson Dean, II, David Paul Brenskelle, Dean Rosskopf & Brenskelle, Buford, Ga., for defendant.

## ORDER

SHOOB, District Judge.

At the Court's request, the parties have briefed the issue of whether this case presents a substantial federal question that invokes the jurisdiction of the Court. *See* Order dated August 1, 1989. Plaintiff Metric Constructors, Inc. ("Metric") was the lowest bidder on a public works project sought by defendant Gwinnett County, Georgia ("the County"). As a result, Metric contends that it was a denial of due process to award the contract to another bidder without first conducting a hearing regarding plaintiff's bid. Defendant argues that this Court does not have jurisdiction over plaintiff's claim because there is no protected property interest in the award of a project and, therefore, there is no substantial federal question raised.

## I. FEDERAL QUESTION JURISDICTION

The Court has reviewed the various briefs submitted by the parties as well as the widely conflicting authority concerning the rights of a disappointed bidder to obtain judicial relief. As a general matter, a plaintiff bringing suit under 42 U.S.C. § 1983 must allege the existence of a liberty or property interest that has been abridged under color of state law without adequate due process. *See Board of Regents v. Roth*, 408 U.S. 564, 569–70, 92 S.Ct. 2701, 2705, 33 L.Ed.2d 548 (1972). To establish a property interest, plaintiff must have a legitimate claim of entitlement as determined by reference to state law. *Id.*

at 577, 92 S.Ct. at 2709; *Bishop v. Wood,* 426 U.S. 341, 344, 96 S.Ct. 2074, 2077, 48 L.Ed.2d 684 (1976). The Court therefore must first determine whether a disappointed bidder may possess a protected property interest and, if so, whether such a property interest exists under Georgia law.

■ The Court is not aware of any Eleventh Circuit precedent on the existence of a constitutionally protected property interest prior to the time a government contract is actually awarded. It has long been established that the government enjoys relatively "unrestricted power ... to determine those with whom it will deal, and to fix the terms and conditions upon which it will make needed purchases." *Perkins v. Lukens Steel Co.,* 310 U.S. 113, 127, 60 S.Ct. 869, 876, 84 L.Ed. 1108 (1940). A number of federal court decisions, including one within this district, have held that this unrestricted power precludes existence of a property interest for a bidder seeking a government contract. *See, e.g., Estey Corp. v. Matzke,* 431 F.Supp. 468 (N.D.Ill. 1976); *City of Atlanta v. Ashland–Warren, Inc.,* No. C81–106A, 1981 WL 2187 (N.D.Ga. Aug. 20, 1981). An increasing number of federal court decisions, however, including several within this circuit, have held that a "narrow" property interest may exist when the lowest qualified bidder does not receive the contract. *See, e.g., Three Rivers Cablevision v. City of Pittsburgh,* 502 F.Supp. 1118 (W.D.Pa. 1980); *Kendrick v. City Council,* 516 F.Supp. 1134 (S.D.Ga.1981); *Douglas N. Higgins, Inc. v. Florida Keys,* 565 F.Supp. 126 (S.D.Fla.1983). The rationale behind these more recent decisions is that denial of a government contract to the lowest qualified bidder may, under certain circumstances, be analogous to withholding of a government benefit, which cannot occur without due process of law.

The Court concludes that the position most faithful to the Supreme Court's decision in *Roth* is that a constitutionally protected property interest exists if acknowledged by applicable state law. A further requirement that limits the availability of a cause of action for a disappointed bidder is that the bidder must have been entitled to award of the project under the applicable state law. In this latter regard, the Court believes the appropriate consideration is not whether the successful bidder complied with bidding procedures, as suggested by *Three Rivers* and *Kendrick;* rather, "[i]f a property interest exists at all, it must evolve from the expectations of the plaintiff and the entitlement granted by state law irrespective of actions or omissions of third parties." *L & H Sanitation, Inc. v. Lake City Sanitation, Inc.,* 585 F.Supp. 120, 124 (E.D.Ark.1984), *aff'd,* 769 F.2d 517 (8th Cir.1985). *Accord Teleprompter of Erie, Inc. v. City of Erie,* 567 F.Supp. 1277, 1287–88 (W.D.Pa.1983).

■ Because a constitutionally protected property interest may be possessed by a disappointed bidder, the sole jurisdictional issue remaining in this case is whether such an interest exists under Georgia law. It is not a difficult question. In *Hilton Construction Co. v. Board of Education,* 245 Ga. 533, 266 S.E.2d 157 (1980), the Georgia Supreme Court held that the low bidder on a project that was to be awarded "to the responsible bidder submitting the lowest acceptable bid" could maintain a cause of action for refusal to award it the contract. The Court therefore concludes that it has jurisdiction over this case insofar as disappointed bidders may possess protected property interests under Georgia law.

## II. SUFFICIENCY OF PLAINTIFF'S COMPLAINT

■ The fact that a disappointed bidder may possess a protected property interest under Georgia law, however, does not mean that Metric has stated a cause of action in this case. Plaintiff must demonstrate that it was entitled to award of the contract under the statute that governs defendant's bidding procedures.

Both parties agree that the project at issue in this case was subject to the requirements of O.C.G.A. § 36–10–2, which regulates public works projects. That statute provides:

Whenever it becomes necessary to build or repair any courthouse, jail, bridge,

causeway, or other public works in any county, the county governing authority shall cause the same to be built or repaired by letting out the contract therefor to the lowest bidder, at public outcry, before the courthouse door, after having advertised the letting of the contracts, as provided in Code Section 36–10–3, provided that such county authorities shall have authority to *reject any and all bids at the public letting.*

*Id.* (emphasis added). Although plaintiff attempts to downplay the significance of the county's authority "to reject any and all bids", this language authorizes the county in its discretion to reject bids, regardless of price, that it does not consider acceptable. *Newberry v. Odom,* 170 Ga. 574, 153 S.E. 353 (1930). Plaintiff may only proceed with this action, therefore, if it alleges that the county abused its discretion in rejecting its bid, such that Metric was entitled to an award of the contract and the county's refusal to award it the contract was a denial of due process.

The Court has reviewed plaintiff's complaint and finds that it does not contain any allegations that defendant arbitrarily denied Metric the contract at issue in this case. Metric claims that it submitted the low bid on the project; but the county was not required to accept the lowest bid on the project. In short, if Metric wishes to proceed with this action, it must amend its complaint to include allegations that the county had no reason not to award it the contract or that the reasons that the county relied upon were not valid reasons. Moreover, since this is an action under 42 U.S.C. § 1983, plaintiff must provide some specificity as to the facts underlying its allegations. *Arnold v. Board of Education of Escambia County, Alabama,* 880 F.2d 305, 309 (11th Cir.1989). Finally, the Court informs both parties that, even if plaintiff can survive a motion to dismiss based on Rule 12(b)(6) of the Federal Rules of Civil Procedure, plaintiff faces a heavy burden in this type of action and the availability of damages may be limited. *See S & W Mechanical Company, Inc. v. City of Homerville,* 682 F.Supp. 546 (M.D.Ga.1988) (under

Georgia law damages in frustrated bidder cases are limited to bid preparation costs).

## III. CONCLUSION

For the foregoing reasons, the Court FINDS that this case raises a substantial federal question sufficient to invoke the Court's jurisdiction. The Court DIRECTS plaintiff, however, that it must amend its complaint in accordance with this order within twenty days or this action will be subject to dismissal. The Court DENIES AS MOOT defendant's motion to stay discovery.

IT IS SO ORDERED.