951 F.2d 1238
 60 USLW 2488
 PATAULA ELECTRIC MEMBERSHIP CORPORATION, Plaintiff-Appellant,
v.
Bobby WHITWORTH, Individually and in his official capacity
as Department of Corrections Commissioner, Clyde Stovall,
Individually and in his official capacity as Assistant
Commissioner of Department of Corrections, David C. Evans,
Individually, Georgia Power Company, Defendants-Appellees.
FLINT ELECTRIC MEMBERSHIP CORPORATION, Plaintiff-Appellant,
v.
Bobby WHITWORTH, Individually and in his official capacity
as Department of Corrections Commissioner, Clyde Stovall,
Individually and in his official capacity as Assistant
Commissioner of Department of Corrections, David C. Evans,
Individually, Georgia Power Company, Defendants-Appellees.
 No. 91-8098.
 United States Court of Appeals,
Eleventh Circuit.
 Jan. 29, 1992.
Rehearing Denied March 31, 1992.
 
 James Allen Orr, Kathy Renee Bess, Paul, Hastings, Janofsky & Walker, Atlanta, Ga., James Elwood Friese, Cuthbert, Ga., for plaintiff-appellant.
 William F. Amideo, Asst. Atty. Gen., Atlanta, Ga., Daryl Alan Robinson, Neal B. Childers, for defendants-appellees.
 Robert P. Edwards, Jr., Troutman, Sanders, Lockerman, & Ashmore, Susan P. Wilkerson, Carlton E. Johnson, Atlanta, Ga., for Georgia Power Co.
 Appeal from the United States District Court for the Northern District of Georgia.
 Before JOHNSON*, CLARK*, and PECK**, Senior Circuit Judges.
 JOHNSON, Senior Circuit Judge:
 
 
 1
 This case arises on appeal following the district court's dismissal of plaintiffs' complaints for failure to demonstrate a constitutionally protected property interest in the award of utility contracts. For the reasons that follow, we reverse the order of dismissal.
 
 I. STATEMENT OF THE CASE
 
 2
 In April of 1989, Pataula Electric Membership Corporation (Pataula EMC) and Georgia Power Company (Georgia Power) submitted bids to the Department of Corrections (DOC) for the provision of electric service to a new prison in Calhoun County, Georgia. A consultant for the DOC analyzed the proposals and recommended Pataula EMC on the basis of probable savings in cost.
 
 
 3
 This same consultant assessed bids from Flint Electric Membership Corporation (Flint EMC) and Georgia Power for service to a Macon County prison in 1990. The consultant recommended Flint EMC on the basis of its projected lower costs. Nonetheless, the DOC chose Georgia Power to service both of the prisons.
 
 
 4
 In July of 1990, Pataula EMC and Flint EMC (plaintiffs) filed separate suits challenging the DOC's refusal to award the contracts to the "lowest responsible bidders." On November 21, 1990, these cases were consolidated and dismissed for failure to state a claim upon which relief can be granted. See Fed.R.Civ.P. 12(b)(6). The district court held that the plaintiffs could not demonstrate that they were entitled to the service contracts, and thus that they had no property interest protected under section 1983 of title 42.
 
 
 5
 This Court reviews de novo the district court's dismissal of plaintiffs' complaints for failure to state a claim. See Thomas v. Evans, 880 F.2d 1235, 1239 (11th Cir.1989). Dismissal of a complaint for failure to state a claim is error " 'unless it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.' " Scheuer v. Rhodes, 416 U.S. 232, 236, 94 S.Ct. 1683, 1686, 40 L.Ed.2d 90 (1974) (quoting Conley v. Gibson, 355 U.S. 41, 45-46, 78 S.Ct. 99, 101-102, 2 L.Ed.2d 80 (1957); Powell v. United States, 945 F.2d 374, 375-76 (11th Cir.1991)).
 
 II. DISCUSSION
 
 6
 Plaintiffs argue on appeal that under Georgia law they possess a constitutionally protected property interest in the contracts. They also contend that the DOC defendants are not entitled to qualified immunity.
 
 A. Property Interest in the Contracts
 
 7
 Defendants advance three arguments for plaintiffs' lack of a property interest in the contracts: (1) Georgia statutes and regulations do not require electric utility contracts to be awarded to the lowest responsible bidder, (2) Georgia law expresses no intent to grant an entitlement to the lowest responsible bidder, and (3) applicable statutes and regulations grant procurers discretion sufficient to prevent bidders from forming a property interest.
 
 1. Lowest responsible bidder requirement
 
 8
 One of the express purposes of Georgia's State Purchasing Act (Act) is to "ensure openness and accessibility by all qualified vendors to the state's purchasing processes so as to achieve the lowest possible costs to the state through effective competition among such vendors." Ga.Code Ann. § 50-5-50(3) (Michie 1990). The Act designates the Department of Administrative Services (DOAS) as the state agency that must oversee competitive bidding for purchases for the state and its agencies. Id. at § 50-5-51(1). The Act requires the DOAS to use competitive bidding to purchase or acquire "all supplies, materials, services other than professional and personal employment services" for use by the state or its agencies. Id. The only exemptions from this competitive bidding requirement are express exemptions for professional and personal employment services, id. at § 50-5-51(1), and purchases below a stated dollar amount, id. at § 50-5-69.
 
 
 9
 Defendants contend that section 50-5-51(3) separately provides the DOAS with the authority to contract for services or to delegate contracting of services including electric utilities.[1] Because this provision does not include a competitive bidding requirement, defendants argue that electric utility service is impliedly exempt from the bidding requirement stated in section 50-5-51(1). Section 50-5-51(1), however, simply lists all items subject to competitive bidding, whereas section 50-5-51(3) lists items which the DOAS may contract for directly on behalf of the state or its agencies, or may authorize state agencies to contract for independently.[2]
 
 
 10
 The Georgia Vendor Manual (Manual), promulgated by the DOAS to interpret and implement the terms and provisions of the State Purchasing Act, provides further support for this construction: "Contracts or open market purchases will in all cases be awarded to the lowest responsible bidder." Ga. Dept. of Admin. Services, Ga. Vendor Manual, art. VIII, § 3, at 23; see also id. at art. II, § 4, p. 5 (all procurements by state agencies under Purchasing Act "will be based on competitive bidding whenever possible."). These broad bidding requirements encompass electric utility contracts.
 
 
 11
 Defendants argue that the Agency Purchasing Manual (APM), which also reviews procedure for state purchases, nonetheless relieves state agencies from using competitive bidding for utility contracts. See Ga. Dept. of Admin. Services, Agency Purchasing Manual (revised Oct. 6, 1987). In the APM, utilities are listed as items subject to "audited authority," thereby permitting an agency procurement officer, instead of the DOAS, to purchase utilities for a specific agency. Id. at 7, 9, 74. Utilities are among many items marked with a "#" symbol, which denotes that "competitive bids are not expected or may be very difficult to obtain due to the nature of the item, purchasing circumstances, market situation or other restrictive conditions." Id. at 69. Although the Manual explicitly assigns the competitive bidding requirement to purchases made according to audited authority, see Ga. Dept. of Admin. Services, Ga. Vendor Manual, art. IV, § 3, at 10, defendants contend, and the district court concluded, that the "#" symbol exempts selected items from competitive bidding.
 
 
 12
 This interpretation of the "#" symbol is deeply flawed. The APM simply recognizes the fact that competitive bidding may not be possible for the designated items in certain circumstances.[3] The APM does not attempt to exempt these items from competitive bidding when such bidding is possible. Indeed, it cannot: neither the DOAS nor its commissioner is empowered by any statutory section to determine what items will be exempt from competitive bidding requirements; therefore, neither may promulgate rules or regulations to accomplish this result. See Ga. Code Ann. §§ 50-5-54, 50-5-55 (Michie 1990). Where, as in this case, there is no impediment to competitive bidding, the State Purchasing Act and relevant rules mandate competitive bidding. See id. at § 50-5-51(1); Ga. Dept. of Admin. Services, Ga. Vendor Manual, art. II, § 4, at 5 (competitive bidding required "whenever possible"); Ga. Dept. of Admin. Services, Agency Purchasing Manual (revised Oct. 6, 1987), at 117, 118 (agency procurement officer required to obtain competitive prices "whenever possible" for service/maintenance contracts subject to audited authority).
 
 
 13
 2. Entitlement for lowest responsible bidder
 
 
 14
 Defendants argue that although utility contracts may be subject to competitive bidding, Georgia does not recognize that a lowest responsible bidder may have a property interest in the award of a contract.[4] We disagree.
 
 
 15
 A disappointed bidder may have a constitutionally protected property interest in the award of a contract under 42 U.S.C.A. § 1983 (1981) if that interest is acknowledged by "existing rules or understandings that stem from an independent source such as state law." Board of Regents v. Roth, 408 U.S. 564, 577, 92 S.Ct. 2701, 2709, 33 L.Ed.2d 548 (1972); see also Metric Constructors, Inc. v. Gwinnett County, Ga., 729 F.Supp. 101 (N.D.Ga.1990). The directive contained in the Manual represents a rule or understanding sufficient to create an entitlement: "[c]ontracts or open-market purchases will in all cases be awarded to the lowest responsible bidder." Ga. Dept. of Admin. Services, Vendor Manual, art. VIII, § 3, at 23; see also, e.g., Hilton Constr. Co. v. Rockdale County Bd. of Educ., 245 Ga. 533, 266 S.E.2d 157, 161 (1980) (lowest responsible bidder's property interest was defined by the competitive bidding procedures promulgated by the State Board of Education).
 
 3. Discretion of Georgia state procurers
 
 16
 Defendants argue that even if Georgia requires a contract to be awarded to the "lowest responsible bidder," determining the lowest responsible bidder involves discretion sufficiently broad to preclude a bidder from forming an expectation of an award. Defendants assert that because plaintiffs at most formed a unilateral expectation of the award of the contracts, plaintiffs cannot claim an entitlement to them.[5]
 
 
 17
 The Vendor Manual provided objective standards for the DOC to determine the "lowest responsible bidder":
 
 
 18
 The lowest responsible bidder is deemed to be that bidder who submits a responsive bid which meets the specifications set out in the Invitation to Bid and which is most advantageous to the State, taking into account price, performance, and capacity to perform of the bidder; quality of the merchandise offered; transportation charges; and date of delivery.
 
 
 19
 Ga. Dept. of Admin. Services, Ga. Vendor Manual, art. VIII, § 3, at 23. These objective standards confine discretion sufficiently to allow formation of a property interest.[6] It is sufficient that the decisionmaker must declare a bidder to be the "lowest responsible bidder" after determining that the bidder, in the decisionmaker's judgment, meets the necessary prerequisites.[7] See Board of Pardons v. Allen, 482 U.S. 369, 373-76, 107 S.Ct. 2415, 2418-19, 96 L.Ed.2d 303 (1987). The fact that the decisionmaker must exercise judgment in applying these standards "is not incompatible with the existence of a [constitutionally protected] interest." Id. at 376, 107 S.Ct. at 2419.
 
 
 20
 The degree of discretion enjoyed by the DOC in choosing the lowest responsible bidder falls squarely within the compass of discretion that the Georgia Supreme Court has found insufficient to preclude bidders from forming an expectation of an award. See Amdahl Corp. v. Dept. of Admin., 260 Ga. 690, 398 S.E.2d 540 (1990); Hilton Constr. Co. v. Rockdale County Bd. of Educ., 245 Ga. 533, 266 S.E.2d 157 (1980). The Georgia Supreme Court has held that a rejected low bidder has a property interest even if the procurement agency has "some discretion" regarding the final award. Amdahl Corp., 398 S.E.2d at 545; see also Hilton Const. Co., 266 S.E.2d at 161. Although the relevant guidelines in Amdahl granted less discretion to the procurers than in the instant case, the Amdahl court did not define an upper acceptable limit in discretion. Amdahl, 398 S.E.2d at 545 (DOAS was bound to choose bidder with lowest price-performance formula). In Hilton Construction Co., the Board was vested with greater discretion than in the present case. The Hilton Board was required to choose the "responsible bidder submitting the lowest acceptable bid." Hilton Constr. Co., 266 S.E.2d at 161. Unlike the DOC in the instant case, the Hilton Board was provided no guidelines either for assessing a "responsible" bidder or for determining an "acceptable bid." Id.
 
 
 21
 Defendants counter that the purchasing agent's authority to reject "any and all bids" allows the agent to reject the lowest responsible bidder, and thus grants the agent very broad discretion. See Ga. Code Ann. § 50-5-67(b) (Michie Supp.1991). Assuming arguendo that section 50-5-67(b) is relevant to the instant case,[8] the power to reject "any and all bids" did not empower the defendants to act in an arbitrary manner. See Konigsberg v. State Bar, 353 U.S. 252, 273, 77 S.Ct. 722, 733, 1 L.Ed.2d 810 (1957) (state is free to select its own members of legal bar, but state cannot exercise its power in arbitrary or discriminatory manner). At a minimum, then, plaintiffs state a cognizable claim by alleging that defendants abused their discretion by arbitrarily ignoring competitive bidding requirements.[9] See Metric Constructors, Inc., 729 F.Supp. at 102. The DOC defendants' discretion to choose the lowest responsible bidder thus does not preclude plaintiffs' claim to a constitutionally protected property interest in the award of utility contracts.
 
 B. Qualified Immunity Unavailable
 
 22
 The DOC defendants claim qualified immunity. They argue that the complaint must be dismissed because plaintiffs cannot demonstrate that the DOC violated clearly established statutory or constitutional rights. See Waldrop v. Evans, 871 F.2d 1030, 1033 (11th Cir.1989). The actions of the DOC in this regard are evaluated under a reasonable person standard. Id.
 
 
 23
 The relevant statutes and rules clearly mandate that procurers award contracts to the lowest responsible bidder whenever possible. Because the Georgia Supreme Court has long recognized a constitutionally protected property interest in the award of a contract under competitive bidding statutes and rules, the DOC officials knew or should have known that they deprived plaintiffs--as lowest responsible bidders--of a property interest by ignoring statutory and regulatory directives. See id. at 1036. The DOC defendants' claim of qualified immunity must therefore fail.
 
 III. CONCLUSION
 
 24
 For the reasons set forth above, we REVERSE the district court's order to dismiss for failure to state a claim and REMAND to the district court for further proceedings consistent with this opinion.
 
 
 
 *
 See Rule 34-2(b), Rules of the U.S. Court of Appeals for the Eleventh Circuit
 
 
 **
 Honorable John W. Peck, Senior U.S. Circuit Judge for the Sixth Circuit, sitting by designation
 
 
 [1]
 Section 50-5-51(3) states that the DOAS shall have the authority "[t]o contract for all telephones, telegraph, electric light power, postal, and any and all other contractual purchases and needs of the state government or any of its departments ... or in lieu of such contract to authorize any department, institution, or agency to purchase or contract for any or all such services."
 
 
 [2]
 Under defendants' characterization of the purpose of section 50-5-50(3), competitive bidding requirements would also not apply to "any and all other contractual purchases and needs." Such an interpretation would wholly circumvent the competitive bidding instruction in section 50-5-51(1)
 Section 50-5-58(a) likewise does not release the state from using the competitive bidding process mandated by section 50-5-51(1). Section 50-5-58(a) merely allows state agencies to purchase directly certain items without specific authorization from the DOAS. See Ga.Code Ann. § 50-5-58(a) (Michie 1990).
 
 
 [3]
 For example, competitive bidding for electrical service contracts is not a legal possibility except under the narrowly prescribed conditions of the Georgia Territorial Electric Service Act. See Ga.Code Ann. §§ 46-3-1 to 46-3-15 (Michie 1982 & Supp.1991). In most cases, the electric supplier for the assigned area would be the only supplier statutorily permitted to provide electric service in a particular locality
 
 
 [4]
 Defendants argue that because procurement regulations inure to the benefit of taxpayers, disappointed bidders can have no property interest under Georgia law. The decisions cited to support this argument, however, have limited only the recovery of lost profits. See, e.g., Amdahl Corp. v. Ga. Dept. of Admin. Services, 260 Ga. 690, 398 S.E.2d 540, 546 (1990) (equitable relief available)
 
 
 [5]
 Defendants alternatively argue that a bidder's interest is inherently inchoate and does not arise to the level of an entitlement until an award of a contract is in hand. The discussion in the preceding section, however, demonstrates that state statutes or rules may create an entitlement for the lowest responsible bidder. Defendants' reliance on Cunningham v. Adams, 808 F.2d 815 (11th Cir.1987), is misplaced. Cunningham simply stands for the proposition that a committee's recommendation of a contractor to the deciding Board did not represent a selection, and thus did not obligate the Board to choose plaintiff. Id. at 820-21
 
 
 [6]
 The defendants incorrectly compare the procurers' discretion in this case to the broader discretion of officials who are not limited by any lowest responsible bidding requirement. See, e.g., Perkins v. Lukens Steel Co., 310 U.S. 113, 126-29, 60 S.Ct. 869, 876-77, 84 L.Ed. 1108 (1940) (government required only to advertise before awarding contracts and then to provide that contractors meet certain labor standards); Sowell's Meats & Services, Inc. v. McSwain, 788 F.2d 226, 228-29 (4th Cir.1986) (statute requires contracts to be awarded to "responsible contractors" after consideration of several noninclusive factors)
 
 
 [7]
 The defendants mistakenly rely on parole board cases to demonstrate that the authority to exercise discretion is inconsistent with the existence of a constitutionally protected interest. These cases analyze a prisoner's entitlement to a liberty interest pursuant to statutes permitting parole upon a subjective determination by the parole board, but not requiring release after consideration of an objective set of standards. See, e.g., Francis v. Fox, 838 F.2d 1147 (11th Cir.1988); Thomas v. Sellers, 691 F.2d 487 (11th Cir.1982)
 
 
 [8]
 Defendants have also argued that section 50-5-67(b), which includes a competitive bidding requirement, has no application to utility contracts because it makes no reference to "services." Section 50-5-67(b) refers only to "contracts for the purchases of supplies, materials, or equipment." Ga.Code Ann. § 50-5-67(b) (Michie Supp.1991)
 
 
 [9]
 Defendants' reliance on City of Atlanta v. Ashland Warren, Inc., 1982-1 Trade Cas. (CCH) p 64,527, 1981 WL 2187 (N.D.Ga.1981), is misplaced. In this case, the low bidder did not meet the terms of the City's bid requirements. The court held only that the government, in the absence of mandatory guidelines for choosing contracts, may set the terms for acceptable contracts. The court did not find that the government may choose contractors regardless of the established terms