Mary A. **HENINGBURG,** Plaintiff,

v.

**LEE JEANS, et al.,** Defendants.

No. Civ.A.99–0061–CB–S.

United States District Court,
S.D. Alabama,
Southern Division.

March 5, 1999.

Mary Ann Heningburg, Prichard, AL, plaintiff pro se.

James M. Powell, Greensboro, NC, John R. Nix, Mobile, AL, for defendants.

### *MEMORANDUM OPINION and ORDER*

BUTLER, Chief Judge.

This matter is before the Court on Motion to Dismiss (Doc.10) filed by individual

defendants, Joanne Otto and Jimmy Lamber, pursuant to F.R.Civ.P. 12(b)(6). Plaintiff brought suit *pro se* and *in forma pauperis* against Lee Jeans Wrangler (VF Corporation) in its capacity as her employer and against Joanne Otto and Jimmy Lamber in their individual capacities. The individual defendants assert that they are not subject to suit under the discrimination laws, and therefore, Plaintiff's claims against them should be dismissed. Lamber and Otto also request that costs and attorney's fees be taxed to the Plaintiff.

In assessing a motion to dismiss for failure to state a claim for which relief may be granted, the Court must "presum[e] that general allegations embrace those specific facts that are necessary to support the claim." *Lujan v. National Wildlife Federation,* 497 U.S. 871, 889, 110 S.Ct. 3177, 111 L.Ed.2d 695 (1990). The Court must view the facts in a light most favorable to the nonmoving party, and there must be no set of no set of facts entitling him to relief. *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993); *see also Scheuer v. Rhodes,* 416 U.S. 232, 236, 94 S.Ct. 1683, 40 L.Ed.2d 90 (1974); *Pataula Electric Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.1992); *Linder v. Portocarrero,* 963 F.2d 332, 334 (11th Cir.1992).

It is clearly settled law in this Circuit that claims under Title VII of the 1964 Civil Rights Act, 42 U.S.C. § 2000e(b), the Americans with Disabilities Act, 42 U.S.C. §§ 12111, *et seq.,* and the Age Discrimination in Employment Act, 29 U.S.C. § 630(b), may only be brought against an employer—none of these acts afford a cause of action against an employee in his or her individual capacity. *Mason v. Stallings* 82 F.3d 1007, 1009 (11th Cir.1996); *Busby v. City of Orlando,* 931 F.2d 764, 772 (11th Cir.1991) ("The relief granted under Title VII is against the *employer,* not individual employees whose actions would constitute violations of the Act.");

*Smith v. Lomax,* 45 F.3d 402, 403, n. 4 (11th Cir.1995) (Individuals "cannot be held liable under the ADEA or Title VII."). *see also U.S. E.E.O.C. v. AIC Sec. Investigations,* 55 F.3d 1276, 1279–82 (7th Cir.1995); *Birkbeck v. Marvel Lighting Corp.,* 30 F.3d 507, 511 (4th Cir.1994) ("[T]he ADEA limits civil liability to the employer....."), *cert. denied,* 513 U.S. 1058, 115 S.Ct. 666, 130 L.Ed.2d 600 (1994); *Miller v. Maxwell's Int'l Inc.,* 991 F.2d 583 (9th Cir.1993) (Title VII and ADEA), *cert. denied,* 510 U.S. 1109, 114 S.Ct. 1049, 127 L.Ed.2d 372 (1994).

It is clear to this Court that both Otto and Lamber are management-level employees of the corporate defendant. Therefore, neither is subject to suit under Title VII or the ADA and Plaintiff will be unable to prove any set of facts which would entitle her to relief. For that reason, Defendants Motion to Dismiss is due to be **GRANTED.** It is hereby **OR-DERED** that all Plaintiff's claims against Joanne Otto and Jimmy Lamber be **DIS-MISSED with PREJUDICE.**

However, considering Plaintiff's lack of legal training and that she filed suit both *pro se* and *in forma pauperis,* the Court can see no equity in assessing attorney's fees and costs to her. Therefore, Defendants' motion to tax costs is hereby **DE-NIED.**