Theodore D. JORDAN, II, Plaintiff,

v.

TRANS UNION LLC; Sallie Mae, Inc.,
SLM Financial Corporation,
Defendants.

No. CIV.A.1:05 CV 305 GE.

United States District Court,
N.D. Georgia,
Atlanta Division.

July 6, 2005.

Lisa Dionne Wright, Law Office of Lisa
D. Wright, Atlanta, GA, for Plaintiff.

Alex Michael Barfield, Hawkins & Parnell, James William Martin, Simpson Law Offices, Atlanta, GA, M. Kasey Ratliff, Paul L. Myers, Strasburger & Price, Frisco, TX, for Defendants.

## ORDER

G. ERNEST TIDWELL, District
Judge.

The above-styled matter is presently before the court on defendants Sallie Mae, Inc. and SLM Financial Corporation's motion to dismiss [docket no. 15].

On February 2, 2005, plaintiff filed this action against defendant Trans Union LLC alleging violations of the Fair Credit Reporting Act ("FCRA") 15 U.S.C. § 1681 *et seq.* and "claims under Georgia law." On March 4, 2005, plaintiff amended the complaint to add Sallie Mae, Inc. ("Sallie Mae") and SLM Financial Corporation ("SLM") as defendants. Plaintiff, referring to Sallie Mae and SLM collectively as "Sallie Mae," asserts a state law claim of defamation against "Sallie Mae" for willfully "publishing misleading and/or inaccurate information to third parties information [sic] regarding his creditworthiness."

On March 28, 2005, Sallie Mae and SLM (also collectively referring to themselves as "Sallie Mae") filed a motion to dismiss the

amended complaint against them pursuant to Fed.R.Civ.P. 12(b)(1) & (6) and 15 U.S.C. § § 1681s–2(a) and 1681t. Specifically, Sallie Mae and SLM assert that the complaint should be dismissed because (1) it is based upon identical facts as a prior pending lawsuit, (2) the complaint fails to state with certainty a claim for damages under the FCRA, (3) the complaint fails to allege a violation of 15 U.S.C. § 1681s–2(b), (4) plaintiff's defamation claim is preempted by the FCRA, and (5) plaintiff's amended complaint fails to differentiate between Sallie Mae, Inc. and SLM Financial Corporation.

### Standard

A motion to dismiss under Rule 12(b)(6) attacks the legal sufficiency of the complaint. It is viewed with disfavor and rarely granted. *See e.g., International Erectors, Inc. v. Wilhoit Steel Erectors & Rental Service,* 400 F.2d 465, 471 (5th Cir.1968). A complaint should not be dismissed for failure to state a claim unless the plaintiff can prove no set of facts entitling him to relief. *Hishon v. King & Spalding,* 467 U.S. 69, 73, 104 S.Ct. 2229, 81 L.Ed.2d 59 (1984); *Pataula Electric Membership Corp. v. Whitworth,* 951 F.2d 1238, 1240 (11th Cir.1992). The court is to presume true all of the complaint's allegations and make all reasonable inferences in favor of the plaintiff. *Duke v. Cleland,* 5 F.3d 1399, 1402 (11th Cir.1993). The rules require nothing more than "a short and plain statement" that will give the defendant fair notice of the claims and the grounds upon which they are based. *Conley v. Gibson,* 355 U.S. 41, 45–46, 78 S.Ct. 99, 2 L.Ed.2d 80 (1957).

### Discussion
#### Prior Lawsuit

On May 24, 2004, plaintiff filed an action in the Northern District of Georgia styled *Theodore D. Jordan, II v. Equifax Information Services, LLC, Experian Information Solutions, Inc. and Sallie Mae, Inc.,* Civil Action No. 1:04–cv–1451–WBH (*Jordan I* ). SLM Financial was later added as an additional party defendant. Sallie Mae and SLM assert that the allegations against them contained in the instant action are·duplicative of those in *Jordan I* and, further, that plaintiff should have added Trans Union as a defendant in *Jordan I* rather than initiating a second lawsuit.

Plaintiff's allegations against Sallie Mae and SLM in the present action are related to conduct that began approximately three months *after* the plaintiff filed *Jordan I.* Therefore, dismissal of this complaint is not warranted based on the prior action. *See Pleming v. Universal–Rundle Corp.,* 142 F.3d 1354, 1356–1357 (11th Cir.1998).

#### Fair Credit Reporting Act

Defendants argue that plaintiff's amended complaint fails to state with certainty a claim for damages under the FCRA and must be dismissed for failure to allege a violation of 15 U.S.C. § 1681s–2(b). Plaintiff admits that he is not proceeding against Sallie Mae or SLM under the FCRA at this time. Therefore, any failure to state a claim under the FCRA is not grounds for dismissal.

#### Preemption

■ Sallie Mae and SLM argue that plaintiff's· state law defamation claim is preempted by the FCRA. Prior to the 1996 amendments, the availability of state law actions against furnishers of credit information was governed by 15 U.S.C. § 1681h(e), which provides, in relevant part, as follows:

Except as provided in section 1681n and 1681o of this title, no consumer may

bring any action or proceeding in the nature of defamation, invasion of privacy, or negligence with respect to the reporting of information against ... any person who furnishes information to a consumer reporting agency, based on information disclosed pursuant to section 1681g, 1681h, or 1681m of this title, or based on information disclosed by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report except as to false information furnished with *malice or willful intent to injure such consumer.*

(Emphasis added). As part of the 1996 amendments, however, Congress added § 1681t, which provides that "no requirement or prohibition may be imposed under the laws of any State...with respect to any subject matter regulated under § 1681s–2 of this title, relating to the responsibilities of persons who furnish information to consumer reporting agencies...." 15 U.S.C. § 1681t(b)(1)(F). This newer language provides limits on state law liability that are both broader and more narrow than the older § 1681h(e) language.

The Eleventh Circuit has yet to issue an opinion addressing the issue of how best to harmonize the two opinions, and the defendants' brief did not directly address the issue. This Court finds most persuasive the approach which holds that § 1681t(b)(1)(F) applies to state statutory law claims and 15 U.S.C. § 1681h(e) applies to state common law claims. *See Johnson v. Citimortgage, Inc.,* 351 F.Supp.2d 1368 (N.D.Ga.2004). The Court must now determine whether plaintiff's defamation claim is preempted by § 1681h(e).

Pursuant to § 1681h(e), plaintiff may bring the common law actions alleged here by sufficiently pleading that Sallie Mae and SLM furnished false information with malice or willful intent to injure. Section 1681h(e) does not define malice. In the defamation context, however, courts have indicated that a statement is made with malice when made "with knowledge that it was false or with reckless disregard of whether it was false or not." *New York Times Co. v. Sullivan,* 376 U.S. 254, 280, 84 S.Ct. 710, 11 L.Ed.2d 686 (1964); *see also Schafer v. Time, Inc.,* 142 F.3d 1361, 1366 n. 3 (11th Cir.1998). Additionally, malice need not be pleaded with particularity; rather, malice "may be averred generally." Fed.R.Civ.P. 9(b).

The court finds that plaintiff has sufficiently pled this scienter requirement. Additionally, by the plain language of § 1681h(e), the heightened standard of malice or willfulness is only applicable to actions based on disclosures pursuant to 15 U.S.C. §§ 1681g, 1681h, or 1681m, or "by a user of a consumer report to or for a consumer against whom the user has taken adverse action, based in whole or in part on the report." 15 U.S.C. § 1681h(e). Plaintiff's defamation claim is not based on the sort of statutorily required disclosures to which the heightened scienter requirement applies. Therefore, the necessity of malice or willful intent is obviated. Accordingly, § 1681h(e) does not preclude plaintiff's defamation claim.

*Sallie Mae and SLM*

■ Finally, Sallie Mae and SLM complain that plaintiff's amended complaint "fails to differentiate between Sallie Mae, Inc. and SLM Financial Corporation" by "lumping together two distinct legal entities, and referring to both of them as 'Sallie Mae.'" Sallie Mae and SLM argue that the plaintiff's amended complaint should be dismissed for this reason. Al-

ternatively, Sallie Mae and SLM request that the court require plaintiff to provide a more particular statement specifically identifying which entity is being challenged. Sallie Mae and SLM continue by adding that "[s]hortcuts for the ease of Plaintiff's counsel are not appropriate in this litigation."

As an initial matter, the court notes that while "shortcuts for the ease of Plaintiff's counsel" are criticized by defendants, the same shortcut was embraced by the "Sallie Mae" defendants on page one of their motion to dismiss. Furthermore, according to plaintiff, Sallie Mae and SLM produced one corporate representative in *Jordan I* to provide testimony regarding the actions of both corporations.

Having reviewed plaintiff's amended complaint, the court finds that the allegations in the amended complaint against "Sallie Mae" are sufficient to satisfy the general pleading requirements of Fed. R.Civ.P. 8(a). Therefore, the court will not require plaintiff to amend his complaint to more specifically identify each entity at this time.

Accordingly, for all the foregoing reasons, defendants Sallie Mae, Inc. and SLM Financial Corporation's motion to dismiss [docket no. 15] is **DENIED**.

*Summary*

Defendants Sallie Mae. Inc. and SLM Financial Corporation's motion to dismiss [docket no. 15] is **DENIED**.